OPINION
{¶ 1} Claimant-appellant Amanda Reardon appeals the November 23, 2005 Judgment Entry entered by the Stark County Court of Common Pleas, which ordered the 2001 GMC Yukon Denali, VIN #1GKEK63U21J173410, forfeited and dismissed appellant's petition for the return of the vehicle. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 2, 2005, the Canton Police Department seized the 2001 GMC Yukon Denali at issue herein upon the arrest of Devan Williams, who was driving the vehicle at the time, on drug charges. The titled owner of the vehicle, James Reardon, was properly notified. In turn, the beneficial/equitable owner, appellant, was notified and responded to the police station. Appellant also received notice of an intended forfeiture action with respect to the vehicle.
 {¶ 3} Williams was subsequently convicted of possession and trafficking in drugs in Stark County Court of Common Pleas Case No. 2005CR0812. On September 13, 2005, appellee filed a Complaint for Forfeiture pursuant to R.C. 2925.43, seeking forfeiture of the vehicle. Williams, appellant, and James Reardon were all served with notice of the complaint. Pursuant to statute, notice was also published in the Press News on September 22, 2005, and September 29, 2005.
 {¶ 4} On November 14, 2005, the trial court conducted an evidentiary hearing on the forfeiture complaint.
 {¶ 5} At the hearing, Sgt. John Dittmore of the Canton Police Department testified, during the early summer of 2005, the department received a complaint from residents of Lawn Ave., N.W., in Canton, Ohio, regarding a black male dealing drugs from a green Yukon Denali. Officer Dittmore subsequently learned from the Adult Parole Authority Williams was trafficking in cocaine and was driving the vehicle described by the Lawn Ave. residents.
 {¶ 6} On June 2, 2005, officers observed Williams operating the vehicle eastbound on 12th Street at Woodland Ave. in Canton, Ohio. The officers initiated a traffic stop of Williams, knowing he did not have a valid driver's license. The officers placed Williams under arrest and impounded the vehicle. While conducting an inventory search of the vehicle prior to impound, the officers detected a strong odor of marijuana. The officers did not initially find any marijuana, but subsequently found a hidden compartment beneath the center console of the vehicle which contained multiple bags of marijuana, individually wrapped for sale, and a small bag of crack cocaine.
 {¶ 7} The officers determined the titled owner of the vehicle was James Reardon, and attempted to contact him at his residence in New Philadelphia. A woman, who claimed to be Reardon's mother, advised the officers the vehicle belonged to appellant, Reardon's sister. Appellant appeared at the police station and gave police a verbal as well as written statement. Appellant informed the officers she was the owner of the vehicle, but it was titled in her brother's name for insurance purposes. Appellant acknowledged the vehicle was being driven by her boyfriend, Devan Williams. Appellant advised police she and Williams smoked weed together, but he swore to her he was no longer selling crack cocaine. Appellant also commented to police Williams had the vehicle most of the time.
 {¶ 8} Appellant also testified at the hearing. She recalled she was at beauty school on June 2, 2005, when she received a telephone call from her mother, informing her Williams had been arrested and the vehicle had been impounded. Appellant recalled, on that day, Williams, who was driving the vehicle, had taken her to school. For approximately one month prior to the seizure of the vehicle, appellant and Williams followed this same routine. Williams would drop appellant off at school at 5:30 pm. Appellant would go to work immediately after school, and would work until 7:00 am, at which time Williams would pick her up.
 {¶ 9} Appellant testified she purchased the vehicle in July, 2001, from the proceeds of a lawsuit. In May, 2002, appellant transferred the title to her brother for insurance purposes. Appellant conceded she was aware of Williams' prior drug history, but noted Williams had assured her he was no longer dealing drugs. Appellant also testified Williams told her he had a driver's license. She commented she would not have let Williams use the vehicle if she had known he did not have a license.
 {¶ 10} Upon conclusion of the hearing, the trial court ordered the vehicle forfeited, finding the State had proven by clear and convincing evidence the vehicle was used or intended to be used to facilitate the offenses of drug trafficking and possession. The trial court also found appellant was not an innocent owner. The trial court remarked appellant had to know there were drugs in the vehicle based upon the strong, pungent odor as described by the police officers. The trial court memorialized its decision via Judgment Entry filed November 23, 2005.
 {¶ 11} It is from this judgment entry appellant appeals, raising the following assignment of error:
 {¶ 12} "I. THE TRIAL COURT'S FINDING THAT CLAIMANT-APPELLANT, AMANDA REARDON, HAD FAILED TO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE THAT SHE WAS AN INNOCENT OWNER OF THE 2001 GMC YUKON DENALI, AND THEREFORE ENTITLED TO REMISSION OF SAME, WAS AN ERRONEOUS FINDING."
 I {¶ 13} In her sole assignment of error, appellant contends the trial court erred in finding she failed to establish she was the innocent owner of the vehicle at issue; therefore, not entitled to remission of the same. Appellant maintains because she was not convicted of a felony as a result of Williams' activities, the vehicle should not have been forfeited.[1]
 {¶ 14} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
 {¶ 15} The State filed its Complaint for Forfeiture pursuant to R.C. 2925.43, which provides:
 {¶ 16} "(A) The following property is subject to forfeiture to the state in a civil action as described in division (E) of this section, and no person has any right, title, or interest in the following property:
 {¶ 17} "(1) Any property that constitutes, or is derived directly or indirectly from, any proceeds that a person obtained directly or indirectly from the commission of an act that, upon the filing of an indictment, complaint, or information, could be prosecuted as a felony drug abuse offense or that, upon the filing of a complaint, indictment, or information, could be the basis for finding a juvenile to be a delinquent child for committing an act that, if committed by an adult, would be a felony drug abuse offense;
 {¶ 18} "(2) Any property that was used or intended to be used in any manner to commit, or to facilitate the commission of, an act that, upon the filing of an indictment, complaint, or information, could be prosecuted as a felony drug abuse offense or that, upon the filing of a complaint, indictment, or information, could be the basis for finding a juvenile to be a delinquent child for committing an act that, if committed by an adult, would be a felony drug abuse offense."
 {¶ 19} Appellant asserts the innocent-owner defense pursuant to R.C. 2933.43(C), which provides, in pertinent part:
 {¶ 20} "When a hearing is conducted under this section, property shall be forfeited upon a showing, by a preponderance of the evidence, by the petitioner that the person from which the property was seized was in violation of division (A) of section2933.42 of the Revised Code. * * *
 {¶ 21} "No property shall be forfeited pursuant to this division if the owner of the property establishes, by a preponderance of the evidence, that the owner neither knew, nor should have known after a reasonable inquiry, that the property was used, or was likely to be used, in a crime or administrative violation."
 {¶ 22} We note appellant's reliance on R.C. 2933.43(C) is misplaced. The State did not seek forfeiture on the basis of a conviction of appellant or upon the grounds the vehicle was contraband. As stated above, the State filed its complaint pursuant to R.C. 2925.43. R.C. 2925.43(B)(2) specifically states: (B) (2) The provisions of section 2933.43 of the Revised Code relating to the procedures for the forfeiture of contraband do not apply to a civil action to obtain a civil forfeiture under this section. We find the evidence presented at the forfeiture hearing clearly establishes the vehicle was used by Williams to facilitate the commission of the crimes for which he was convicted.
 {¶ 23} Furthermore, the circumstantial evidence supports the trial court's finding appellant was not an innocent owner. Appellant, who was aware of Williams' felony drug history and present drug use, permitted Williams to have sole possession of the vehicle from approximately 5:30pm to 7:00 am, at least five days a week. Appellant told the police she knew Williams had sold drugs, but Williams allegedly told her he had stopped. As there was some competent credible evidence from which the trial court could reach its conclusion, we find the trial court's finding appellant was not an innocent owner was not against the manifest weight of the evidence.
 {¶ 24} Appellant's sole assignment of error is overruled.
 {¶ 25} The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, P.J. Edwards, J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Although the State neither raised the issue in the trial court nor in its Brief to this Court, we note our concern as to whether appellant actually has standing to contest the forfeiture. Ownership of a vehicle is established by the Certificate of Title. Herein, the Certificate of Title was in James Reardon's name. Appellant is not the title owner, but rather an alleged "equitable" owner. Because the State failed to challenge appellant's standing, we need not resolve this issue at this time but rather shall review the matter on the merits.